```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-091 JD |
| | ) | |
| DARRON A. WEBB (01) | ) | |

## OPINION AND ORDER

Now before the Court is a Motion to Modify Sentence filed by the Defendant, Darron A. Webb. [DE 119]. Mr. Webb's motion seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. However, Mr. Webb already made such a request in a letter filed June 8, 2015, and the Court denied that request in an order dated June 10, 2015. In that order, the Court found for two separate reasons that Mr. Webb was ineligible for relief: first, he was sentenced after Amendment 782 had taken effect, so he already received the benefit of that reduction at the time of sentencing; and second, he entered a binding plea agreement to a sentence of 120 months, so his sentence was not based on the sentencing range under the Guidelines but on the terms of the plea agreement. [DE 89]. And since the Court has already denied an identical request by Mr. Webb, there is a third reason for denying his present request, which is that a defendant can only file a single motion per retroactive amendment. *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) (stating that a defendant is not "entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range."); *see also United States v. Beard*, 745 F.3d 288, 292 (7th Cir. 2014) ("In other words, prisoners have only one bite at the apple per retroactive amendment to the sentencing guidelines."). If Mr. Webb believed that the Court's prior denial was erroneous, his recourse was to file a timely notice of appeal as to that order, but the time to do so has long since passed.

Mr. Webb also argues that his Guideline range was miscalculated at the time of sentencing because it held him accountable for over 700 grams of heroin for his relevant conduct, not just for the 100 grams he was charged in the indictment with possessing with intent to distribute. However, as the Court has also explained to Mr. Webb before—this time in denying his motion under 28 U.S.C. § 2255, [DE 112]—that calculation was proper: a defendant's "offense level is calculated by determining the amount of drugs associated within the same course of the defendant's conduct, and not simply the amount associated with the particular offenses of conviction." *United States v. Redmond*, 667 F.3d 863, 875 (7th Cir. 2012). Moreover, a court cannot consider that type of argument in a motion under § 3582(c)(2) anyway. *Dillon v. United States*, 560 U.S. 817, 831 (2010) ("Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2) . . . .").

Accordingly, Mr. Webb's motion for a sentence reduction [DE 119] is DENIED.

SO ORDERED.

ENTERED: March 9, 2016

                                               /s/ JON E. DEGUILIO
                                               Judge
                                               United States District Court